IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOLLINGER, RUBERRY & GARVEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PHILADELPHIA INSURANCE COMPANY and ) <br> FIREMAN'S FUND INSURANCE COMPANY ) <br> ) <br> Respondents. ) <br> ) | FILED: JULY 2, 2008 <br> 08CV3795 <br> JUDGE KENDALL <br> MAGISTRATE JUDGE SCHENKIER <br> <br> Case No.: NF |

## COMPLAINT

NOW COMES Bollinger, Ruberry & Garvey ("BRG"), by and through its attorneys, and for its Complaint, states as follows:

### I.  PARTIES AND JURISDICTION

1. BRG is an Illinois partnership with its principal place of business in Chicago, Illinois.

2. Philadelphia Insurance Company ("PIC") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

3. Fireman's Fund Insurance Company ("FFIC") is a California corporation with its principal place of business in California.

4. This Court has jurisdiction in this litigation pursuant to the Federal Arbitration Act, 9 U.S.C. § 7, which grants federal courts the authority to enforce subpoenas in connection with arbitration proceedings in the American Arbitration Association.

### II.  BACKGROUND

5. BRG is presently involved in an arbitration proceeding with Federal Insurance Company ("Federal"), EPS Solutions Corp. and Enterprise Profit Solutions Corp. (collectively, "EPS") pending in the American Arbitration Association (the "Arbitration") in which Federal

1

seeks a declaration regarding its rights and obligations under the policy of insurance that it issued to EPS.

6. A substantial portion of the arbitration involves the issue of whether Federal has a duty to pay BRG for fees and expenses incurred in the course of BRG's representation of EPS in various underlying actions.

7. EPS timely forwarded to the Panel subpoenas to PIC and FFIC to produce certain documents. Copies of said subpoenas are attached hereto as Exhibit "A".

8. PIC was served with the instant subpoena on June 3, 2008. See Certified Mail Receipt, attached hereto as Exhibit "B".

9. FFIC was served with the instant subpoena on June 2, 2008. See Certified Mail Receipt, attached hereto as Exhibit "C".

10. Since that date, PIC and FFIC have refused to comply with the subpoenas, yet have not entered any formal objection to the panel in the Arbitration or to any court.

11. BRG brings this matter on an emergency basis because discovery ends June 30, 2008, and trial is set for July 28, 2008. In light of the imminent trial, these documents must be produced as soon as possible.

### III.    PRIOR RULING BY JUDGE HART

12. In connection with the Arbitration, Federal previously filed in the United States District Court for the Northern Illinois a Motion for Expedited Production and Enforcement of an Arbitration Subpoena in an action entitled, *Federal Insurance Company v. Edward T. Joyce Firm, P.C.*, Case No. 1:08-cv-00431 ("Joyce Action"). The Joyce Action grew out of the same Arbitration at issue in this Emergency Petition.

13. Judge Hart issued and Opinion and Order in the Joyce Action finding that this

Court had subject matter jurisdiction and that the arbitration subpoena issued to a non-party was enforceable by this Court. Judge Hart specifically found: "Since no objections to the subpoena have been raised with the arbitration panel, enforcement of the subpoena will be granted." A copy of Judge Hart's Opinion and Order is attached hereto as Exhibit "D".

### IV.    THE SUBPOENAS SHOULD BE ENFORCED

14. PIC and FFIC have not raised any objections to the subpoenas with the arbitration panel. Based on Judge Hart's prior ruling in the Joyce Action, this absence of any objections by Respondents should result in enforcement of the subpoena.

15. The Seventh Circuit has recognized that a federal court has the authority to enforce compliance with subpoenas issued by an arbitration panel under 9 U.S.C. § 7. *Teamsters Nat'l Auto. Transporters Industry Negotiating Committee v. Troha*, 328 F.3d 325, 330-331 (7th Cir. 2003).

16. In the case of *Amgen, Inc. v. Kidney Center of Delware County*, 879 F.Supp. 878 (N.D. Ill. 1993), *dismissed on other grounds*, 1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28, 1996)[1], Judge Gettleman found that "implicit in the power to compel testimony and documents for the purpose of a hearing [in an arbitration] is the lesser power to compel such testimony and documents for purposes prior to hearing." *Amgen*, 879 F.Supp. at 880, *citing Meadows Indemnity Co., Ltd. v. Nutmeg Ins. Co.*, 157 F.R.D. 42 (M.D. Tenn. 1994).

17. Based on the foregoing, this Court should enforce the subpoenas and compel the production of documents by PIC and FFIC.

18. In the alternative, this Court should direct the panel in the Arbitration to enforce

---

[1] The Seventh Circuit remanded the matter to the district court for the purpose of determining whether subject matter jurisdiction existed, but did not address the substantive merits or overturn the substantive ruling of the district court in *Amgen*. The district court later determined that subject matter jurisdiction was lacking, but the Seventh Circuit never repudiated Judge Gettleman's substantive finding. *See Amgen, Inc. v. Kidney Center of Delware County*,

3

the subpoenas and compel the production of documents by PIC and FFIC.

WHEREFORE, BRG asks this Honorable Court to issue an Order either:

A. Compelling PIC and FFIC to produce the subpoenaed documents; or, in the alternative;

B. Direct the panel in the Arbitration to enforce the subpoenas and compel PIC and FFIC to produce the subpoenaed documents.

         Respectfully submitted,

         **BOLLINGER, RUBERRY & GARVEY**

         /s/ Anthony G. Barone
         One of its attorneys

Anthony G. Barone
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois 60181
(630) 472-0037 (telephone)

---

1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28,,1996).