IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOLLINGER, RUBERRY & GARVEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 1:08-CV-3795 |
| | ) | |
| PHILADELPHIA INSURANCE COMPANY and | ) | |
| FIREMAN'S FUND INSURANCE COMPANY | ) | |
| | ) | |
| Respondents. | ) | |

## NOTICE OF FILING

NOW COMES Plaintiff, BOLLINGER, RUBERRY & GARVEY, by and through its

counsel, Anthony G. Barone, Esq., and hereby files the attached Complaint Exhibits A-D.


**BOLLINGER, RUBERRY & GARVEY**


        /s/ Anthony G. Barone
        One of its attorneys


Anthony G. Barone, Esq.
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois  60181
(630) 472-0037 (telephone)

1

## **CERTIFICATE OF SERVICE**

This is to certify that the attached document was filed electronically on July 8, 2008, in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____ /s/ Anthony G. Barone _____

**BEFORE THE**
**AMERICAN ARBITRATION ASSOCIATION**

| | | |
|---|---|---|
| **FEDERAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **AAA Number: 51-195-01043-04** |
| | ) | |
| **EPS SOLUTIONS CORPORATION** | ) | |
| **and ENTERPRISE PROFIT** | ) | |
| **SOLUTIONS CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**SUBPOENA *DUCES TECUM***

To:    Custodian of Records
       Philadelphia Insurance Company
       One Bala Plaza, Ste. 100
       Bala Cynwyd, PA 19004

WE COMMAND YOU that you and produce and permit inspection, copying, testing, or sampling of documents, books, files, records, electronically stored information, or tangible things in your possession, custody or control as detailed and explained in the attached Rider to Subpoena *Duces Tecum*, within 21 business days, at your place of business, at a time to be agreed upon with the attorneys for Bollinger, Ruberry & Garvey.

Signed: _____
                          Arbitrator

Requested by:

Attorneys for Bollinger, Ruberry & Garvey
Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL  60181
(630) 472-0037
Atty. No. 06196315
Dated:  May 28, 2008



## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certifies that I caused a copy of Bollinger, Ruberry & Garvey's Subpoena *Duces Tecum* to be served on the following via Certified Mail/Return Receipt Requested:

> Custodian of Records
> Philadelphia Insurance Company
> One Bala Plaza, Ste. 100
> Bala Cynwyd, PA 19004

this 30th day of May, 2008.

Elizabeth A. Pison

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) AAA Number: 51-195-01043-04 |
| | ) |
| EPS SOLUTIONS CORPORATION | ) |
| and ENTERPRISE PROFIT | ) |
| SOLUTIONS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## RIDER TO SUBPOENA *DUCES TECUM*

### INSTRUCTIONS

1.    If any documents are withheld from production under a claim of privilege

or other exemption from discovery, the party asserting privilege or other exemption must

furnish a list signed by one of its attorneys identifying each document withheld and the

information required under the Federal Rules of Civil Procedure for the assertion of any

such privilege or exemption.

### DEFINITIONS

1.    "EPS" refers to EPS Solutions Corp. and Enterprise Profit Solutions

Corp., their agents, employees, officers, directors, attorneys and all persons either acting

or purporting to act on its behalf, whether presently or formerly.

2.    "Federal" refers to the Federal Insurance Company.

3.    "You" or "your" refers to Philadelphia Insurance Company

4.    "EPS Related Litigation" refers to any of the following:

a.    *EPS Solutions Corporation v. Deloitte & Touche and Jefferies & Company;*

b.    *James Holden and Christine Holden v. Deloitte & Touche, Jefferies & Company, Jeffery Weinhuff, Christopher P. Massey, EPS Solutions Corporation and Enterprise Profit Solutions;*

c.    *TTR Enterprises, Inc., Timm T. Runnion, John Ferris, David Spier, James P. Wadley, Dennis J. Donovan, K. John Gutshaw, William A. Frederick and Kathleen S. Burdorf v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Christopher P. Massey, Erik R. Watts, Mark C. Coleman, Jefferies & Company, Jeffrey Weinhuff, David Losito and Gibson, Dunn & Crutcher, LLP;*

d.    *Horowitz Limited Partnership I v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Massey and Does 1 through 40;*

e.    the lawsuits filed in the United States District Court for the Northern District of Illinois against Deloitte & Touche, Massey, Watts, Jefferies & Company, Jeffrey Weinhuff, and others, and in one of the cases, that brought by claimant Shoecraft, in which the EPS entities were named as defendants, and all subsequent arbitration proceedings;

f.    *Christopher W. Gould, individually and as assignee of the interests of The Industrial Bank of Japan, Limited and IBJ Leasing Co., Ltd.; Barry P. Boothe; Donald W. Smiegiel; Harold J. Pertel; James S. Godry; Luke P. Bowes; Daniel Lavin; William M. Shore; Sue K. Waterhouse; Howard K. Weber; The McCully/Lueke Family*

*Trust - - 1996, Robert A. McCully and Paulette A. Lueke, Trustees v. Deloitte & Touche,*
*LLP; Christopher P. Massey; Jefferies & Company; and, Jeffry Weinhuff; and*

> g.    *Conrad P. Lee and the other claimants listed on Appendix A. v.*
*EPS Solutions Corporation and Enterprise Profit Solutions Corporation.*

5.    The terms "document" or "documents" as used herein shall have the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, the original and all drafts of all written or graphic matter, however, produced or reproduced, whether or not sent or received, and all copies thereof that are different in any way from the original, whether handwritten, typed, drawn, sketched, printed or recorded by a physical, mechanical, or electronic device, or other means, including without limitation email, correspondence, memoranda, invoices, notes, books, records, papers, letters, messages, recordings, electronic and voice mail, pamphlets, brochures, articles, graphs, charts, plans, notebooks, spreadsheets, worksheets, lists, analyses, summaries, annual or periodic reports, minutes, telephone bills and records, expense reports, opinions, compilations, chronicles, minutes, agendas, contracts, agreements, reports, summaries, inter-office communications, notations of any sort of conversations, diaries, appointment books or calendars, planners, teletypes, telefax, thermafax, confirmations, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed) and all drafts, alterations, modifications, changes and amendments of any of the foregoing, and all graphic or manuals records, or representations of any kind, including, but not limited to, tapes, cassettes, disks, magnetic media and recordings.

6.    The term "person" means in the plural and in the singular, any person, corporation, firm, association, partnership, joint venture, or other form of legal or official entity, as the case may be.

7.    The term "communication(s)" means the oral or written transmittal of information sent by you or received by you from any person, as well as any documents reflecting or recording the content of any oral communications in any form (including, without limitation, inter- and intra-office memoranda and other communications).

8.    The terms "related to" or "concerning" mean about, addressing, alluding to, analyzing, commenting upon, comprising, concerning, embodying, evaluating, evidencing, examining, explaining, regarding, in respect of, memorializing, mentioning, noting, pertaining to, recording, reflecting, relevant to, respecting, responding to, setting forth, showing, stating, studying, summarizing, supporting, or touching upon, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

9.    The term "any" means "any" or "all." The term "all" has the same meaning. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed outside their scope.

10.    The singular of any term shall include the plural, and the plural of any term shall include the singular.

## DOCUMENTS REQUESTED

1.    Your claims file relating to the EPS Related Litigation (excluding pleadings and discovery)

2.    All documents relating to, concerning or reflecting all correspondence and/or communications to or from Federal Insurance Company or its counsel, Meckler, Bulger & Tilson, relating to EPS, the EPS Related Litigation, and/or the above-captioned arbitration.

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AAA Number: 51-195-01043-04 |
| | ) | |
| EPS SOLUTIONS CORPORATION | ) | |
| and ENTERPRISE PROFIT | ) | |
| SOLUTIONS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

SUBPOENA *DUCES TECUM*

To:    Custodian of Records
       Fireman's Fund Insurance Company
       777 San Marin Dr.
       Novato, CA 94998

WE COMMAND YOU that you and produce and permit inspection, copying, testing, or sampling of documents, books, files, records, electronically stored information, or tangible things in your possession, custody or control as detailed and explained in the attached Rider to Subpoena *Duces Tecum*, within 21 business days, at your place of business, at a time to be agreed upon with the attorneys for Bollinger, Ruberry & Garvey.


Signed: _____
                        Arbitrator

Requested by:

Attorneys for Bollinger, Ruberry & Garvey
Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL  60181
(630) 472-0037
Atty. No. 06196315
Dated:  May 28, 2008

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certifies that I caused a copy of Bollinger, Ruberry & Garvey's Subpoena *Duces Tecum* to be served on the following via Certified Mail/Return Receipt Requested:

Custodian of Records
Fireman's Fund Insurance Company
777 San Marin Dr.
Novato, CA 94998

this _30th_ day of _May_, 2008.

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

FEDERAL INSURANCE COMPANY,   )
   )
      Plaintiff,   )
   )
      v.   )   AAA Number: 51-195-01043-04
   )
EPS SOLUTIONS CORPORATION   )
and ENTERPRISE PROFIT   )
SOLUTIONS CORPORATION,   )
   )
      Defendants.   )

## RIDER TO SUBPOENA *DUCES TECUM*

### INSTRUCTIONS

     1.    If any documents are withheld from production under a claim of privilege or other exemption from discovery, the party asserting privilege or other exemption must furnish a list signed by one of its attorneys identifying each document withheld and the information required under the Federal Rules of Civil Procedure for the assertion of any such privilege or exemption.

### DEFINITIONS

     1.    "EPS" refers to EPS Solutions Corp. and Enterprise Profit Solutions Corp., their agents, employees, officers, directors, attorneys and all persons either acting or purporting to act on its behalf, whether presently or formerly.

     2.    "Federal" refers to the Federal Insurance Company.

     3.    "You" or "your" refers to Fireman's Fund Insurance Company.

     4.    "EPS Related Litigation" refers to any of the following:

          a.      *EPS Solutions Corporation v. Deloitte & Touche and Jefferies & Company;*

          b.      *James Holden and Christine Holden v. Deloitte & Touche, Jefferies & Company, Jeffery Weinhuff, Christopher P. Massey, EPS Solutions Corporation and Enterprise Profit Solutions;*

          c.      *TTR Enterprises, Inc., Timm T. Runnion, John Ferris, David Spier, James P. Wadley, Dennis J. Donovan, K. John Gutshaw, William A. Frederick and Kathleen S. Burdorf v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Christopher P. Massey, Erik R. Watts, Mark C. Coleman, Jefferies & Company, Jeffrey Weinhuff, David Losito and Gibson, Dunn & Crutcher, LLP;*

          d.      *Horowitz Limited Partnership I v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Massey and Does 1 through 40;*

          e.      the lawsuits filed in the United States District Court for the Northern District of Illinois against Deloitte & Touche, Massey, Watts, Jefferies & Company, Jeffrey Weinhuff, and others, and in one of the cases, that brought by claimant Shoecraft, in which the EPS entities were named as defendants, and all subsequent arbitration proceedings;

          f.      *Christopher W. Gould, individually and as assignee of the interests of The Industrial Bank of Japan, Limited and IBJ Leasing Co., Ltd.; Barry P. Boothe; Donald W. Smiegiel; Harold J. Pertel; James S. Godry; Luke P. Bowes; Daniel Lavin; William M. Shore; Sue K. Waterhouse; Howard K. Weber; The McCully/Lueke Family*

*Trust - - 1996, Robert A. McCully and Paulette A. Lueke, Trustees v. Deloitte & Touche,*
*LLP; Christopher P. Massey; Jefferies & Company; and, Jeffry Weinhuff; and*

g.        *Conrad P. Lee and the other claimants listed on Appendix A. v.*
*EPS Solutions Corporation and Enterprise Profit Solutions Corporation.*

5..        The terms "document" or "documents" as used herein shall have the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, the original and all drafts of all written or graphic matter, however, produced or reproduced, whether or not sent or received, and all copies thereof that are different in any way from the original, whether handwritten, typed, drawn, sketched, printed or recorded by a physical, mechanical, or electronic device, or other means, including without limitation email, correspondence, memoranda, invoices, notes, books, records, papers, letters, messages, recordings, electronic and voice mail, pamphlets, brochures, articles, graphs, charts, plans, notebooks, spreadsheets, worksheets, lists, analyses, summaries, annual or periodic reports, minutes, telephone bills and records, expense reports, opinions, compilations, chronicles, minutes, agendas, contracts, agreements, reports, summaries, inter-office communications, notations of any sort of conversations, diaries, appointment books or calendars, planners, teletypes, telefax, thermafax, confirmations, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed) and all drafts, alterations, modifications, changes and amendments of any of the foregoing, and all graphic or manuals records, or representations of any kind, including, but not limited to, tapes, cassettes, disks, magnetic media and recordings.

6.    The term "person" means in the plural and in the singular, any person, corporation, firm, association, partnership, joint venture, or other form of legal or official entity, as the case may be.

7.    The term "communication(s)" means the oral or written transmittal of information sent by you or received by you from any person, as well as any documents reflecting or recording the content of any oral communications in any form (including, without limitation, inter- and intra-office memoranda and other communications).

8.    The terms "related to" or "concerning" mean about, addressing, alluding to, analyzing, commenting upon, comprising, concerning, embodying, evaluating, evidencing, examining, explaining, regarding, in respect of, memorializing, mentioning, noting, pertaining to, recording, reflecting, relevant to, respecting, responding to, setting forth, showing, stating, studying, summarizing, supporting, or touching upon, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

9.    The term "any" means "any" or "all." The term "all" has the same meaning. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed outside their scope.

10.    The singular of any term shall include the plural, and the plural of any term shall include the singular.

## DOCUMENTS REQUESTED

1.  Your claims file relating to the EPS Related Litigation (excluding pleadings and discovery)

2.  All documents relating to, concerning or reflecting all correspondence and/or communications to or from Federal Insurance Company or its counsel, Meckler, Bulger & Tilson, relating to EPS, the EPS Related Litigation, and/or the above-captioned arbitration.

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Custodian of Records
Philadelphia Insur. Co.
One Bala Plaza, Suite 100
Bala Cynwyd, PA
                    19004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
                                    JUN - 3 2008

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7007 0220 0003 5213 3979

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

° Sender: Please print your name, address, and ZIP+4 in this box °

Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL 60181

Federal v. EPS

EXHIBIT
B

| **SENDER: COMPLETE THIS SECTION** | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  *TALLEN*   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>JUN 0 2 2008 |

1. Article Addressed to:

Custodian of Records
Fireman's Fund Insur. Co.
777 San Marin Drive
Novato, CA 94998

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7007 0220 0003 5213 3986

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1640

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •



Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL 60181

*Federal v. EPS*

r4026 C018

EXHIBIT
C

*M HN*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08 C 0431 |
| | ) | |
| THE LAW OFFICES OF | ) | |
| EDWARD T. JOYCE, P.C., | ) | |
| | ) | |
| Respondent. | ) | |


## OPINION AND ORDER


In this case, Federal Insurance Company ("Federal") seeks
to enforce a discovery subpoena that an arbitration panel issued
to the Law Offices of Edward T. Joyce, P.C. (the "Joyce Firm").
The Joyce Firm is not a party to the arbitration.  The
arbitration concerns Federal's duty to defend EPS Solutions Corp.
and Enterprise Profit Solutions Corp. (jointly "EPS").  The Joyce
Firm represented other parties in litigation in which EPS was
involved.  A defense raised by Federal in the arbitration is
that coverage was precluded based on collusive-type conduct or
the underlying action being an "insured versus insured" claim.



EXHIBIT
D

Resolution of the pending petition does not necessitate detailing
the underlying circumstances.[1]

This court has diversity jurisdiction over the
Federal/EPS arbitration.  Federal is an Indiana corporation with
its principal place of business in New Jersey and the opposing
parties are Illinois residents.  The matter in controversy
exceeds $75,000.  The court has authority to enforce a subpoena
pursuant to the Federal Arbitration Act, 9 U.S.C. § 7.

The Joyce Firm does not dispute that this court has
jurisdiction over the subpoena matter.  It also does not dispute
that an arbitration subpoena for documents may be enforced as
against a non-party to the arbitration.  Instead, the Joyce Firm
contends the subpoena should not be enforced because it seeks
irrelevant materials and some privileged documents, is overbroad,
and should have been pursued earlier in the arbitration discovery
process.  All of these contentions, however, should be raised
with the arbitration panel.  They are not issues that should be
decided by a court in the first instance.  See In re Security

---

[1]The Joyce Firm represented some of the plaintiffs who
had claims against EPS and other defendants.  The Joyce Firm
contends that EPS joined with the plaintiffs in attempting to
show the other defendants, but not EPS, were liable to
plaintiffs.  Those plaintiffs' claims against EPS were deferred
while claims were pursued against the other defendants.  After
the other defendants were successful in defeating liability, some
plaintiffs succeeded on claims against EPS.  The arbitration
relates to Federal's excess coverage regarding the successful
claims against EPS.

- 2 -

Life Ins. Co. of America, 228 F.3d 865, 871 (8th Cir. 2000);

American Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV

(New World Commc'n of Detroit, Inc.), 164 F.3d 1004, 1010 (6th

Cir. 1999); Festus & Helen Stacy Found., Inc. v. Merrill Lynch,

Pierce Fenner, & Smith Inc., 432 F. Supp. 2d 1375, 1379-80 (N.D.

Ga. 2006); American Fed'n of Gov't Employees Local 922 v.

Ashcroft, 354 F. Supp. 2d 909. 917 (E.D. Ark. 2003); Odfjell

Asa v. Celanese AG, 348 F. Supp. 2d 283 (S.D.N.Y. 2004), further

proceeding, 380 F. Supp. 2d 297 (S.D.N.Y. 2005), aff'd sub nom.,

Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567 (2d Cir. 2005).

Since no objections to the subpoena have been raised with
the arbitration panel, enforcement of the subpoena will be
granted.  Enforcement, however, will be subject to further
rulings of the arbitration panel.  The Joyce Firm will have
30 days to comply with the subpoena.  In the meantime, if it so
desires, it may move before the arbitration panel to quash the
subpoena in whole or in part or it may move the arbitration panel
for further time to comply with the subpoena.

No opinion is expressed regarding the merits of the
subpoena nor whether any motion to quash that may be brought
before the arbitration panel at this time would be untimely or
considered to have been waived.  Neither is any opinion expressed
regarding whether the arbitration panel should extend any
discovery deadlines that may be necessary in order to complete

compliance with the subpoena.  Additionally, should further proceedings be brought before this court regarding enforcing the subpoena, the parties must address the issue of the appropriate standard of review to be applied to any arbitration panel rulings regarding the subpoena.

IT IS THEREFORE ORDERED that petitioner's motion to expedite production and enforce the subpoena [11] is granted in part and denied in part.  The Clerk of the Court is directed to enter judgment in favor of petitioner and against respondent enforcing the arbitration subpoena and requiring that respondent answer the subpoena within 30 days, subject to any further ruling of the arbitration panel.

ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

DATED:  MARCH  13 , 2008

- 4 -