IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOLLINGER, RUBERRY & GARVEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 1:08-CV-3795 |
| ) | |
| PHILADELPHIA INSURANCE COMPANY and ) | Reassigned to Judge Zagel |
| FIREMAN'S FUND INSURANCE COMPANY ) | |
| ) | FILED IN CASE # |
| Respondents. ) | 1:08-CV-3698 |

## PHILADELPHIA INSURANCE COMPANY'S RESPONSE TO PETITIONER'S MOTION TO COMPEL

### INTRODUCTION

After over four years of arbitration, and on the eve of the final arbitration hearing, Petitioner Bollinger, Ruberry & Garvey ("BRG") moves on an "emergency" basis to enforce a defective subpoena in the wrong venue seeking to force Philadelphia Insurance Company ("Philadelphia"), a third party located in Pennsylvania, to produce documents which BRG has failed to show are necessary to its case. BRG's motion should be denied for several reasons. The subpoena was never served properly on Philadelphia. Moreover, the subpoena itself is defective because it fails to comply with the requirements of Rule 45. Even if BRG could overcome these hurdles, Petitioner has brought its motion to compel before the wrong court. The United States District Court in Philadelphia, not one from the Northern District of Illinois, is the proper venue for making such a motion. Finally, the motion should fail because the "emergency" at issue results directly from BRG's lack of diligence. For all of these reasons, BRG's motion should be denied.

CH/285963v1

## FACTS

### A.     The Arbitration and its Underlying Dispute

The proceeding from which the subpoena issued is an arbitration before the American Arbitration Association in Chicago, Illinois. BRG is the petitioner in the arbitration. Federal Insurance Company ("Federal") is the other party. Philadelphia is not involved in that arbitration.

The arbitration proceedings were initiated in 2004, more than four years ago. The arbitration hearing is set to take place on July 28, 2008.

The underlying arbitration proceeding involves a dispute over insurance coverage under the Federal Insurance Company policy. Apparently, BRG represented a company named EPS in litigation, and EPS assigned whatever rights it might have under the Federal insurance policy to recoup the payment of BRG legal fees incurred in the litigation.

### B.     The Subpoena At Issue

On July 3, 2008, counsel for Philadelphia received from BRG a "courtesy copy" of a Complaint BRG had filed that day against Philadelphia alleging that Philadelphia had failed to respond to a subpoena that BRG contended it had served.

BRG contends that it had served the subpoena upon Philadelphia at Philadelphia's corporate offices in Pennsylvania on June 3, 2008 *by certified mail*. The "return receipt" card bears two handwritten initials and a date-stamp reading "June 3, 2000" (see Exhibit 1). The box entitled "printed name" was left blank and the two checkboxes to indicate whether the person receiving the delivery was the "agent" or "addressee" were both left unchecked.

The subpoena contains two document requests that seek to require Philadelphia to produce its claims files relating to various EPS-related lawsuits as well as certain correspondence relating to EPS, the "EPS-related" lawsuits, and the pending arbitration.

2

Notably absent from the subpoena is the text required by Federal Rules of Civil Procedure, Rule 45(c) and (d).

C. **This "Emergency Motion"**

On July 3, 2008 – the same day that Philadelphia and its counsel first became aware of the subpoena at issue – BRG filed its "emergency motion" seeking to enforce the subpoena and compel Philadelphia to produce the requested documents.

In its moving papers, BRG states that it brings this matter on an emergency basis "because discovery ends June 30, 2008, and trial is set for July 28, 2008. In light of the imminent trial, these documents must be produced as soon as possible." (Complaint, at ¶11).

**BOLLINGER'S "EMERGENCY MOTION" IS NOT WELL TAKEN, AND SHOULD BE DENIED**

1. **The Subpoena is Invalid Because it Was Improperly Served**

Under Rule 45 of the Federal Rules of Civil Procedure, service of a subpoena is effected when an adult non-party personally delivers a copy of the subpoena to the person named in the subpoena:

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person . . . F.R.C.P. 45(b)(1).

Cases interpreting Rule 45 have found that subpoenas must be *personally* served. *FTC v. Compagnie De Saint-Gobain-Pont-A-Mousson* (D.C. Cir. 1980) 636 F.2d 1300, 1312-13 (holding that compulsory process may be served upon an unwilling witness only in person and that the rule does not permit any form of mail service).

Other courts have similarly found that mail service, including certified mail, is insufficient. *Rotter v. Cambex Corporation*, (N.D. Ill. 1995) 1995 U.S. Dist. LEXIS 8561, 1-4 (quashing subpoenas that were mailed to employees for failing to properly serve and failing to

3

provide required fees); *Terre Haute Warehousing Service Inc. v. Grinnell Fire Protection Systems Co.* (S.D. Ind. 1999) 193 F.R.D. 561, 563 (certified mail service is insufficient; subpoenas must be personally served); *In re Nathurst* (Bankr. M.D. Fla. 1995) 183 B.R. 953, 954-55 ("It needs no elaborate citation of authorities to support the proposition which is self-evident that a subpoena cannot be effectively served by mail even if sent by certified mail."). *See also, In re Smith* (E.D.N.Y. 1989) 126 F.R.D. 461, 462 (holding that the district court lacked discretion under Rule 45 to permit alternative service of subpoena when party had difficulty effecting service by personal delivery); *In re Johnson & Johnson* (D. Del. 1973) 59 F.R.D. 174, 177 (determining that personal service of individuals was required).

The most recent commentary to the Federal Rules of Civil Procedure, 28 U.S.C.A., Rule 45, at C45-9 is particularly enlightening:

> Service of a subpoena is made "by delivering a copy" to the person named. That was the requirement before the 1991 amendment and it remains the requirement under subdivision (b)(2) of the amended Rule 45. Personal delivery is the only method specified, and this differs substantially from service of the summons under Rule 4, for which a variety of methods are made available. The recently adopted mail method for summons service, for example, which does not even entail use of a process server, Rule 4(c)(2)(C)(ii), is not available for subpoena service.

Here, BRG's purported service of a subpoena on Philadelphia by certified mail is ineffective and should be held for naught. On this basis alone. Petitioner's motion should be denied.

## 2. The Subpoena is Deficient Because it Fails to Comply with the Requirements of FRCP 45

The motion to compel should be denied for yet another reason. Rule 45(a) provides that every subpoena *must*:

> (i)   state the court from which it issued;

4

    (ii)     state the title of the action, the court in which it is pending, and its civil-action number;

    (iii)    command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

    (iv)    ***set out the text of Rule 45(c) and (d).***[1]   (emphasis added).

Rule 45 requires the text in subsections (c) and (d) to be set out in full to alert the person served the he or she must pay particular attention to deadlines and for the need to get the subpoena timely to the right person so that objection or a response can be made. Here the need for the text set out in Rule 45 (c) and (d) is of critical importance. Even if the subpoena was delivered, the mail envelop was addressed to the Custodian of Records at Philadelphia Insurance Company. Even if someone in the mailroom at Philadelphia received the document, there was nothing to alert him or her of the need to route this to the legal department at Philadelphia. Thus, because the subpoena was not served properly and failed to have the appropriate Rule 45 text alerting the person receiving it of its importance, Philadelphia never had a chance until now to object or determine how to respond to the subpoena. The argument by BRG counsel that Philadelphia waived their opportunity to object to the subpoena in the arbitration proceedings has no merit because Philadelphia was never served properly with the subpoena.

---

[1] The text of Rule 45(c) and (d) comprises several pages and provides instructions to the person or entity served with information concerning the served person or entity's legal rights and duties in responding to (or not responding to) the subpoena, claiming privilege and protection, and/or producing documents, and the applicable deadlines.

5

***In order to prevent what happened here, the case law fully supports the notion that a failure to set forth the text of Rule 45(c) and (d) in a subpoena renders the subpoena invalid.*** *See, e.g., Anderson v. Government of Virgin Islands* (D.V.I. 1998) 180 F.R.D. 284, 289-90 (holding subpoena invalid due to "serious deficiencies," which included, *inter alia*, failure to include the mandated text of subdivisions (c) and (d) of Rule 45, and also noting that the purpose of the required text in every subpoena "is to ensure that the recipient of the subpoena is fully aware of both her own obligations in responding to the subpoena, of the duties of the attorney in properly executing the subpoena, and the options a recipient may exercise in contesting a subpoena."). *See also, Vitale v. Repetti* (D.N.J. 2007 slip opinion) 2007 WL 1752040, at p. 2 (failure to cite text rendered subpoena "defective"); *Pivitol Colorado II, LLC v. Triple M. Beteiligungs-GMBH & Co. KG* (D. Colo., Feb. 6, 2008 slip opinion), 2008 WL 349059, at pp. 1-2 (finding "unpersuasive" the defendant's argument that, because the non-party was represented by counsel, compliance with the specific and clear terms of the Rule should be excused..."the non-party served with the defective subpoena cannot be held to strict compliance with time requirements about which it was not advised, whether or not the non-party ultimately seeks the services of an attorney in connection with compelled production. There is no way of knowing, for instance, if the agent for service knew that time was of the essence in contacting an attorney or when the attorney could be held to be aware that a time sensitive matter even existed.")

Here, BRG failed to include in its subpoena the mandatory text of Rule 45(c) and (d). Even if Rule 45 allowed mail service (which it does not), BRG's failure to cite the mandatory statutory language of Rule 45 (c) and (d) renders the subpoena invalid. The motion to compel fails on this ground, as well.

### 3.  This Court is Not the Proper Venue for Ruling on the Motion to Compel Philadelphia's Compliance With This Subpoena

The district court's jurisdiction for enforcement of subpoenas is limited to the territory defined in Federal Rules of Civil Procedure, Rule 45. *Amgen Inc. v. Kidney Center of Delaware County, LTD.*, (N.D. Ill. 1995) 879 F.Supp. 878, 882-83. That territory is considered to be no more than 100 miles. Because Philadelphia is not within this Court's enforcement territory as reflected in Rule 45, this Court is not the proper venue to enforce BRG's subpoena.

*Amgen* involved an arbitration being conducted in Chicago, Illinois, between two corporations. The arbitrator issued a subpoena for documents and testimony to a non-party located in Pennsylvania, outside of the district in which the arbitrator sat and more than 100 miles from the site of the arbitration. Service was properly effected. The non-party refused to comply with the subpoena. Thereafter, one of the parties to the arbitration Amgen sought to compel compliance with the subpoena. Amgen brought the motion to compel in the Northern District of Illinois.

Judge Gettleman here in the Northern District of Illinois presided over the Amgen subpoena dispute. He noted that an arbitrator has authority under the Federal Arbitration Act to subpoena anyone "no matter where he or she may be located or resides." However, the court could enforce the arbitrator's subpoena "only in the same manner that it would compel attendance before the court," that is, as it was permitted by Rule 45. Judge Gettleman noted that Rule 45 does not provide the Court with extraterritorial power, and ruled that Amgen would have to petition the district court in Pennsylvania (where the third party was located) to compel compliance with the subpoena.

*Amgen* is directly on point. This case, like *Amgen*, involves a subpoena issued in a pending Illinois arbitration to a non-party located in Pennsylvania. Because Pennsylvania is not

7

within this Court's territory for enforcement of subpoenas as set forth in Rule 45, enforcement must be obtained through the Pennsylvania district court. As such, the motion to compel brought here in the Northern District of Illinois should be denied.

### 4. Bollinger Has Failed to Establish That This Matter Is An "Emergency" Requiring a Specially-Set Hearing

Under Local Rule 77.2, an "emergency matter" is one that is of such nature that the delay in hearing it that would result from its being treated like any other matter would cause serious and irreparable harm to one or more parties to the proceeding... N.D. Ill. Local Rule 77.2. The burden of showing that a matter is an "emergency matter" requiring a specially-set hearing is on the moving party.

Here, BRG claims that an "emergency" exists in light of the imminent July 28, 2008 trial date, which it contends requires that "these documents must be produced as soon as possible." (Complaint, at ¶11). BRG fails to acknowledge that the "emergency" is one of its own creation; the arbitration has been ongoing for four years, and BRG asserts only now that it has great need for Philadelphia's documents. Furthermore, aside from its generic statement that "these documents must be produced as soon as possible," BRG makes no showing as to how the requested documents are relevant or why, absent their production, *any* harm to BRG would result, let alone harm that was "serious and irreparable."

In sum, Bollinger has failed to make the requisite showing to establish an "emergency" to warrant an expedited hearing under Local Rule 77.2. This deficiency alone warrants denial of this motion.

8

WHEREFORE, Philadelphia asks this Honorable Court to deny Petitioner's Motion, grant Philadelphia its costs and attorney fees incurred in responding to BRG's invalid subpoena, and for such other relief as this Court finds just.

Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD

_____
One of their Attorneys

FRED A. SMITH, III
DAVID M. GOLDHABER
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One North Wacker Drive, Suite 4200
Chicago, Illinois 60606-2841
Telephone: (312) 641-9050

**SENDER: COMPLETE THIS SECTION**

- ■ Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Custodian of Records
   Philadelphia Insur. Co.
   One Bala Plaza, Suite 100
   Bala Cynwyd, PA
                    19004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X  /  ℃                    ☐ Agent
                              ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 JUN - 3 2008

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)    7007 0220 0003 5213 3979

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

° Sender: Please print your name, address, and ZIP+4 in this box °

Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL 60181

                                 Federal v. EPS



EXHIBIT 1

## **CERTIFICATE OF SERVICE**

This is to certify that the attached document was filed electronically on July 14, 2008, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Additionally, under penalties as provided by law, the undersigned, an attorney, on oath states that I had this **Motion to Compel** served via facsimile to the individuals set forth on the below listed Service List on July 14, 2008 on or before 5:00 p.m.

                                            /s/ Fred A Smith, III

**SERVICE LIST**

For Fireman's Fund Insurance Company:

Anne O'Niell
Hinshaw & Culbertson
One California Street
18th Floor
San Francisco, CA 94111
Fax: 415-834-907-

Jeffrey Ward
Thompson Joss & Judge
Two Lafayette Center, 1133 21st Street, N.W.
Suite 450
Washington, DC 20036
Fax: 202-778-4099