IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOLLINGER, RUBERRY & GARVEY, | ) | |
| | ) | |
| Petitioner, | ) | Case No.: 1:08-CV-3795 |
| | ) | |
| v. | ) | Reassigned to Judge Zagel |
| | ) | |
| PHILADELPHIA INSURANCE COMPANY and | ) | FILED IN CASE # |
| FIREMAN'S FUND INSURANCE COMPANY | ) | 1:08-CV-3698 |
| | ) | |
| Respondents. | ) | |
| | ) | |

**BOLLINGER, RUBERRY & GARVEY'S REPLY TO PHILADELPHIA INSURANCE COMPANY'S RESPONSE TO PETITIONER'S MOTION TO COMPEL**

NOW COMES Bollinger, Ruberry & Garvey ("BRG"), by and through its attorneys, and for its Reply to Philadelphia Insurance Company's ("PIC") Response to Petitioner's Motion to Compel, states as follows:

**I.   BRG's MOTION SHOULD BE GRANTED BECAUSE PIC'S FAILURE TO RAISE ANY OBJECTIONS WITH THE ARBITRATION PANEL DID NOT EXCUSE IT FROM COMPLYING WITH BRG'S SUBPOENA**

In its Response, PIC does not explain or address its failure to raise any objections to BRG's subpoena with the arbitration panel. As Judge Hart recognized in the related case of *Federal Insurance Company v. The Law Offices of Edward T. Joyce, P.C.*, objections to an arbitration subpoena "are not issues that should be decided by a court in the first instance." 2008 U.S. Dist. LEXIS 20713, *3 (N.D. Ill. Mar. 13, 2008). Courts throughout the country have similarly found that a District Court is the wrong venue to first raise objections to an arbitration subpoena. *American Fed'n of Television & Radio Artists, AFL-CIo v. WJBK-TV*, 164 F.3d 1004, 1010 (6th Cir. 1999); *Festus & Helen Stacy Found, Inc. v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 432 F. Supp. 2d 1375, 1379-1380 (N.D. Ga. 2006); *Odfjell Asa v. Celanese AG*, 348

F. Supp. 2d 283, 287-288 (S.D.N.Y. 2004), *further proceeding*, 380 F. Supp. 2d 297 (S.D.N.Y. 2005), *aff'd sub nom*, *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567 (2d Cir. 2005).

Furthermore, even if a sound basis existed for PIC to object to BRG's subpoena, any such objection does not excuse a non-party from complying with a subpoena "absent a motion to quash or a motion for a protective order." *Abbott v. Kidder, Peabody & Co.*, 1997 U.S. Dist. LEXIS 8500, *10 (N.D. Ill. Jun. 12, 1997). In *Abbott*, the court found the non-party had been properly served with a deposition subpoena even though the subpoena had been left on the non-party's windshield. *Id*. at *9. The court granted the pending motion to compel after finding that the non-party should have complied with the subpoena since she had failed to file any timely objection. *Id*. at **9-10.

In the present case, to this very day, PIC has presented absolutely nothing to the arbitration panel contending that BRG's subpoena is deficient in any manner. Pursuant to Rule 45(c)(2)(B) and the language of the BRG's subpoena, PIC had twenty-one (21) days to raise any such objections in order to avoid having waived those objections and finding itself in an identical position as the non-party in *Abbott* who improperly failed to comply with the subpoena or raise any objections in a timely manner. Consequently, PIC is not excused from complying with BRG's subpoena in light of its complete lack of any effort to raise an objection with the arbitration panel. This Court should, therefore, grant BRG's instant motion and compel PIC to comply with the instant subpoena.

Nonetheless, assuming arguendo, this Court finds that PIC's failure to raise any objections whatsoever with the arbitration panel does not require the granting of BRG's instant Motion, BRG herewith responds to each of PIC's objections in turn.

II. **SERVICE OF A SUBPOENA BY CERTIFIED MAIL UNDER RULE 45 IS NOT SUFFICIENT GROUNDS TO ALLEVIATE PIC FROM COMPLYING WITH BRG'S SUBPOENA**

Notwithstanding PIC's citations to out of circuit authorities, the Seventh Circuit has found that serving a subpoena by mail is proper. *McCready v. Ebay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006). In *McCready*, McCready alleged that one of the defendant attorneys served Ebay with a "phony" subpoena and that Ebay wrongfully complied with that subpoena by producing electronic communications involving McCready. *Id*. at 891. The court noted that good faith reliance on a subpoena is a complete defense to claims under the Electronic Communications Privacy Act and Stored Communications Act. *Id*. at 892. McCready argued that Ebay could not have relied on the subpoena in good faith because the subpoena had been served on Ebay by mail. *Id*. The court, however, rejected any such argument, expressly holding that service by mail "is not improper" and, therefore, that Rule 45 does not require personal service of a subpoena. *Id*.

If, under *McCready*, service of a subpoena by regular mail is sufficient to satisfy the requirements of Rule 45, then service by a heightened manner, such as certified mail, which requires a recipient acknowledge receipt via a signature, must unquestionably satisfy Rule 45. In fact, an Indiana court reviewing this exact issue found that Rule 45(b)(1) is satisfied where a mail carrier delivers a subpoena by certified mail. *Doe v. Hersemann*, 155 F.R.D. 630 (N.D. Ind. 1994). Specifically, the court recognized that:

> The court's conclusion is bolstered by the Federal Rule's description of personal service in the summons and complaint context as "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(1). If "delivering . . . to such person," as stated in Rule 45(b)(1), required personal, in-hand service, then "personally" in Rule 4(e)(1) would be pure surplusage. The better conclusion is that the drafters knew how to indicate a personal service requirement and

3

that they chose not to do so when they created Rule 45.

*Id.* at 630-631.

PIC cannot seek shelter in decisions from foreign jurisdictions and non-binding commentary on Rule 45, which sit in stark contrast to *McCready* and, therefore, cannot be reconciled with the Seventh Circuit's position that a subpoena may be properly served by mail. Nor is PIC's reliance on *Rotter v. Cambex Corp.*, 1995 U.S. Dist LEXIS 8561 (N.D. Ill. Jun. 19, 1995) well placed as the dicta in *Rotter* has been impliedly overruled by *McCready's* holding that service of a subpoena by mail is proper.

Moreover, even if a sound basis existed for PIC to object to BRG's subpoena based on the manner of service, an objection to service does not excuse a non-party from complying with a subpoena "absent a motion to quash or a motion for a protective order." *Abbott*, 1997 U.S. Dist. LEXIS 8500, at *10. After having completely failed to make an effort to raise any objections with the arbitration panel, PIC cannot now avoid complying with BRG's subpoena based on an untimely objection that the manner of service was deficient. Consequently, the manner of service does not present a valid basis for PIC to avoid compliance with BRG's subpoena and this Court should, therefore, grant BRG's instant motion.

### III. FAILURE TO INCLUDE THE TEXT OF RULE 45(C) AND (D) IS NOT SUFFICIENT GROUNDS TO ALLEVIATE PIC FROM COMPLYING WITH BRG'S SUBPOENA

PIC incorrectly contends that BRG's failure to include the text of Rule 45(c) and (d) in BRG's subpoena is sufficient grounds to alleviate PIC from complying with the subpoena. In support of this position, PIC relies primarily on two unpublished slip opinions and *Anderson v. Government of Virgin Islands*, 180 F.R.D. 284 (D.V.I. 1998). *Anderson*, however, has been expressly criticized for failing to provide any explanation for its holding that a failure to include

4

the text of Rule 45(c) and (d) is grounds to alleviate a party from complying with a subpoena. *Elam v. Ryder Automotive Operations, Inc.*, 179 F.R.D. 413, 415 (W.D.N.Y. 1998). The Elam court noted that failure to set forth the text of subsections (c) and (d) within a subpoena is not amoung the enumerated grounds for which a subpoena may be quashed. *Id*. The *Elam* court further held that real prejudice resulting from the failure to set forth said text must be shown before the subpoena will be quashed. *Id*.

In line with *Elam*, more recent decisions similarly reflect that absent a showing of any real prejudice, a failure to include the text of Rule 45(c) and (d) is not grounds to alleviate a party from complying with a subpoena. *M&T Mortgage Corp. v. Miller*, 2008 U.S. Dist. LEXIS 34256, **5-6 (E.D.N.Y. Apr. 25, 2008). In *M&T*, the court examined whether the failure to include the protections in Rule 45(c) and (d) had somehow prejudiced the non-parties objecting to the subpoena. 2008 U.S. Dist. LEXIS 34256, at *6. Specifically, the court focused on whether the non-parties had access to legal counsel and if any substantive basis existed to object to the subpoena. *Id*. The court found a lack of prejudice after finding that the non-parties had access to counsel and that no real dispute existed as to the relevance of the documents. *Id*.

In the present case, PIC has presented no objections to the documents sought by BRG on any substantive basis. Nor has PIC objected on the basis that it did not have access to legal counsel. Instead, PIC appears to be arguing that its ability to timely respond to BRG's subpoena was affected by *both* alleged defective service and a failure to include the text in Rule 45(c) and (d).[1] See PIC's Response, pg. 5. No court, including *Anderson*, has found an inability to timely respond to a subpoena as a result of a failure to include the language of Rule 45(c) and (d) presents the kind of real prejudice sufficient to alleviate a party from complying with a subpoena.

---

[1] Amazingly, PIC also appears to be arguing that its lack of sophistication in handling subpoenas contributed to its delayed response.

Additionally, an objection of this kind does not excuse a non-party from complying with a subpoena "absent a motion to quash or a motion for a protective order." *Abbott*, 1997 U.S. Dist. LEXIS 8500, at *10. After having completely failed to make an effort to raise any objections with the arbitration panel, PIC cannot now avoid complying with BRG's subpoena based on yet another untimely objection. As the court in *Elam* unequivocally stated, "[t]o quash the subpoena as procedurally defective under these circumstances would be to elevate form over substance." 179 F.R.D. at 415. Consequently, a failure to include the text of Rule 45(c) and (d) does not present a valid basis for PIC to avoid compliance with BRG's subpoena and this Court should, therefore, grant BRG's instant motion.

### IV.   THIS COURT IS THE PROPER VENUE TO RULE ON BRG'S INSTANT MOTION

Amazingly, after appearing in open court last Thursday, July 10, 2008, and agreeing that it would be bound by this Court's decision with respect to the instant Motion, PIC now contends that this Court is the wrong venue/has no jurisdiction to rule on the BRG's Motion. In support of its newly-conceived position, PIC cites to *Amgen, Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F. Supp. 878 (N.D. Ill. 1995) and, in doing so, misstates the court's holding. Indeed, *Amgen* held the exact opposite of what PIC represents that *Amgen* held.

In *Amgen*, Judge Gettleman recognized that:

> The procedure for enforcement of an arbitrator's subpoena is . . . set forth in Section VII 9 U.S.C. § 7, which provides in relevant part:
>
> If any person or persons so summoned to testify shall refuse or neglect to obey such summons, **upon petition to the United States District Court for the district in which such arbitrators, or a majority of them, are sitting** may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their

6

> punishment for neglect or refusal to attend in the courts of the United States.
>
> Thus, it is clear, . . . that any petition to enforce the subpoena must be brought to this court, because the arbitrator is located in Chicago.

*Amgen*, 879 F. Supp. at 881.

As in *Amgen*, the instant arbitration is in Chicago. Thus, by the plain language of § 7, since this Court sits in the same district in which the arbitrators sit in the present matter, BRG correctly sought to compel enforcement of its subpoena with this Court.

PIC's misreading of Amgen apparently relates to the last paragraph of the opinion before the "conclusion" paragraph. Judge Gettleman granted the motion to compel, but noted that enforcement of the order to compel would need to be executed in the district court for the district in which the deposition is to take place. *Id*. at 883. Presumably, PIC is not announcing in advance its intention to violate an order by this Court compelling compliance with the subpoena, but BRG will act accordingly under such circumstances. In the meantime, *Amgen* fully supports this Court's authority to issue an order compelling compliance.

Additionally, as with PIC's other objections, its failure to file "a motion to quash or a motion for a protective order" with the arbitration panel does not excuse it from complying with BRG's subpoena. *Abbott*, 1997 U.S. Dist. LEXIS 8500, at *10. Thus, PIC cannot now avoid compliance with BRG's subpoena based on an untimely venue objection. Consequently, PIC's venue/jurisdiction argument is another red herring since the plain language of § 7 dictates this is the correct court to hear the instant Motion and, as well, PIC cannot now reverse course after submitted to this Court's jurisdiction and agreeing to be bound by the Court's decision.

### V. BRG HAS SATISFIED THE REQUIREMENTS OF L.R. 77.2.

Once again, PIC presents this Court with yet another empty argument in a last ditch effort

7

to avoid compliance with a validly issued and served subpoena. PIC's entire argument appears to be that BRG should have acted in a more timely manner in seeking the subpoenaed documents and that it's failure to do so does not constitute an "emergency." What PIC ignores is that BRG's subpoena was issued and served on PIC well within the time period set forth for discovery, which closed on June 30, 2008, and that timely compliance by PIC would have prevented the current emergency. Thus, it is not BRG's failure to act sooner that created the instant emergency, but instead PIC's willful refusal to comply with the instant subpoena.

PIC's refusal to comply with the instant subpoena means that BRG is foreclosed from even being able to determine the significance of the subpoenaed documents and what impact they might have on BRG's case-in-chief. BRG has reason to anticipate that PIC's documents and any communications therein may relate to issues in connection with BRG's right to payment of fees and costs by Federal Insurance Company. To the extent that the documents are relevant to the instant arbitration, BRG's inability to use those documents is precisely the type of serious and irreparable harm conceived of by L.R. 77.2. Consequently, there is simply no merit to PIC's argument.

WHEREFORE, BRG asks this Honorable Court to issue an Order either:

A.  Compelling PIC to produce the subpoenaed documents; or, in the alternative;

B.  Direct the panel in the Arbitration to enforce the subpoena and compel PIC to produce the subpoenaed documents.

Respectfully submitted,

**BOLLINGER, RUBERRY & GARVEY**

/s/ Perry M. Shorris
One of its attorneys

Edward F. Ruberry
Perry M. Shorris
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street
Suite 2300
Chicago, Illinois 60661
(312) 466-8000 (telephone)
(312) 466-8001 (fax)

Anthony G. Barone
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois  60181
(630) 472-0037 (telephone)

## CERTIFICATE OF SERVICE

  I hereby certify that on July 16, 2008, I electronically filed **BOLLINGER, RUBERRY & GARVEY'S REPLY TO PHILADELPHIA INSURANCE COMPANY'S RESPONSE TO PETITIONER'S MOTION TO COMPEL** with the Clerk of the Court via the CM/ECF system. Notice of this filing will be served on all parties via the Court's electronic filing system. All parties may access this filing through the court's electronic system.

                /s/ Perry M. Shorris